IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MARTIN RESOURCE MANAGEMENT CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| FEDERAL INSURANCE COMPANY, | § § | JURY |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Plaintiff Martin Resource Management Corporation complaining of Defendant Federal Insurance Company and for causes of action respectfully shows as follows:

**PARTIES**

1. Plaintiff Martin Resource Management Corporation ("MRMC") is a Texas corporation with its principal place of business in Texas.

2. Defendant Federal Insurance Company ("Federal") is an insurance company organized under the laws of the State of Indiana with its principal place of business in New Jersey.  Federal may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3. This is an action in which this Court has original jurisdiction because the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1).

4. This Court has personal jurisdiction over Federal because, upon information and belief, it has:

   a. conducted business in the State of Texas;

   b. contracted with a Texas citizen;

   c. sufficient minimum contacts with the State of Texas such that the assumption of jurisdiction will not offend traditional notions of fair play and substantial justice; and/or

   d. committed a tort, in whole or in part, in the State of Texas.

5. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to MRMC's claims occurred in this District.

## NATURE OF CASE

6. This action arises from Federal's improper denial of insurance coverage for claims asserted against MRMC.

7. For good and valuable consideration, Federal issued Executive Protection Portfolio Policy No. 8197-5479 (the "Policy").  Insuring Clause 1 in the Policy provides that Federal "shall pay, on behalf of the Insureds, Loss on account of any Fiduciary Claim first made against the Insureds … during the Policy Period … for a Wrongful Act

committed, attempted or allegedly committed or attempted before or during the Policy Period by such Insureds." MRMC in an Insured under the Policy. The Policy has limit of liability of $5 million and a Policy Period April 1, 2017 to April 1, 2018.

8. During the Policy Period, on April 4, 2017, Wilmington Trust, N.A. ("Wilmington") made a demand on MRMC for defense and indemnification in connection with a putative class action lawsuit filed against Wilmington by Lyle J. Guidry, *et al*. Thereafter, on May 1, 2017, Wilmington made a second demand on MRMC for a defense and indemnification in connection with another putative class action lawsuit filed by Rodney Choate, *et al*. Those lawsuits (collectively, the "*Guidry/Choate* Lawsuits"), which both involved Wilmington's role as trustee for the MRMC Employee Stock Option Plan, were consolidated on May 16, 2017.

9. Wilmington's demands constituted a "Fiduciary Claim first made against [MRMC] during the Policy Period … for a Wrongful Act committed, attempted or allegedly committed or attempted before or during the Policy Period by [MRMC]." Therefore, MRMC provided timely notice of Wilmington's demands under the Policy.

10. Initially, Federal recognized that the demands by Wilmington were covered under the Policy, and it agreed to pay Wilmington's defense costs in the *Guidry/Choate* Lawsuits. However, on February 21, 2018, Federal sent a letter to MRMC reversing its position. Federal denied coverage for the indemnification demands and informed MRMC that it would no longer pay Wilmington's defense costs. Federal's reversal was improper.

11. As a result of Federal's improper denial of coverage, MRMC has had to pay substantial amounts to defend Wilmington in connection with the *Guidry/Choate* Lawsuits. As of the filing of this Complaint, MRMC has paid $892,239.31 to defend Wilmington, and it will continue to pay additional amounts in the future. All such amounts constitute Loss under the Policy.

12. MRMC has made repeated demands that Federal reimburse MRMC for the Loss paid to defend Wilmington and acknowledge its obligation under the Policy to reimburse MRMC for any such amounts paid in the future. Federal has refused.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

13. MRMC repeats and realleges each and every allegation of paragraphs 1 through 12 with the same force and effect as if fully set forth herein.

14. At all material times herein, Federal has been aware of its obligations under the Policy. However, by wrongfully denying coverage and failing to reimburse MRMC for the Loss paid to defend Wilmington, Federal has failed to fulfill its contractual obligations under the Policy.

15. Federal's failure to fulfill its contractual obligations constitutes a material breach of the contract of insurance. Federal's breach has proximately caused damages to MRMC, for which damages MRMC now sues.

16. In the alternative, Federal has repudiated the Policy with respect to the claims made against MRMC. Federal's repudiation has proximately caused damages to MRMC, for which damages MRMC now sues.

17. As a result of Federal's breach of contract, MRMC is entitled to recover damages incurred as of the time of trial, plus prejudgment interest at the maximum legal rate. MRMC has made a demand for payment of such damages, but Federal has wholly failed to reimburse MRMC for any such damages.

18. Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, MRMC is entitled to recover a reasonable amount for attorneys' fees to prosecute this action to require Federal to honor its clear contractual obligations.

## COUNT II
## DECLARATORY JUDGMENT

19. MRMC repeats and realleges each and every allegation of paragraphs 1 through 12 with the same force and effect as if fully set forth herein.

20. This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a question of actual, justiciable controversy between MRMC and Federal.

21. MRMC seeks a declaration that the amounts paid to defend Wilmington in connection with the *Guidry/Choate* Lawsuits are covered under the Policy.

## COUNT III
## VIOLATIONS OF THE TEXAS INSURANCE CODE
## UNFAIR SETTLEMENT PRACTICES

22. MRMC repeats and realleges each and every allegation of paragraphs 1 through 12 with the same force and effect as if fully set forth herein.

23. In its dealings with MRMC, Federal has engaged in unfair claim settlement practices in violation of Chapters 541 of the Texas Insurance Code by:

    a. Misrepresenting to MRMC a material fact or policy provision relating to coverage;

    b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Federal's liability has become reasonably clear;

    c. Failing to promptly provide to MRMC a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Federal's denial of a claim;

    d. Failing within a reasonable time to affirm or deny coverage; and

    e. Refusing to pay a claim without conducting a reasonable investigation.

24. MRMC has suffered damages as a proximate result of the foregoing conduct and is entitled to recover its actual damages, and reasonable and necessary attorneys' fees.

25. As a result of Federal's knowing violations of the Texas Insurance Code, MRMC is also entitled to recover up to three times the amount of its actual damages.

## COUNT IV
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

26. MRMC repeats and realleges each and every allegation of paragraphs 1 through 12 with the same force and effect as if fully set forth herein.

27. The relationship between an insurer and its insured is a special relationship. That special relationship imposes a duty on an insurer to deal fairly and in good faith with its insured. By virtue of the Policy, Federal owes MRMC a duty of good faith and fair dealing.

28. Federal has breached the duty of good faith and fair dealing by:

   a. Misrepresenting to MRMC a material fact or policy provision relating to coverage;

   b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Federal's liability has become reasonably clear;

   c. Failing to promptly provide to MRMC a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Federal's denial of a claim;

   d. Failing within a reasonable time to affirm or deny coverage; and

   e. Refusing to pay a claim without conducting a reasonable investigation.

29. MRMC has suffered damages as a proximate result of the foregoing conduct by Federal and is entitled to recover its actual damages.

30. As a result of Federal's breach of the duty of good faith and fair dealing, MRMC seeks, in addition to its actual damages, exemplary damages.

## COUNT V
## VIOLATIONS OF THE TEXAS INSURANCE CODE
## PROCESSING AND SETTLEMENT OF CLAIMS

31. MRMC repeats and realleges each and every allegation of paragraphs 1 through 12 with the same force and effect as if fully set forth herein.

32. In their dealings with MRMC, Federal has failed to comply with deadlines imposed by Chapter 542 of the Texas Insurance Code for acknowledging, accepting or rejecting, and paying a claim.

33. Under Tex. Ins. Code § 542.055, not later than the 15th day after the date Federal received notice of a claim, it was required to (1) acknowledge receipt of the claim; (2) commence any investigation of the claim; and (3) request from MRMC all items, statements, and forms that the insurer reasonably believes, at that time, will be required from MRMC. Upon information and belief, although Federal acknowledged receipt of the claim made against MRMC by Wilmington within 15 days after receipt of notice, Federal did not otherwise comply with Section 542.055.

34. Further, under Tex. Ins. Code § 542.056, Federal was required to notify MRMC in writing of the acceptance or rejection of its claim not later than the 15th business day after the date Federal received all items, statements, and forms required by the insurer to secure final proof of loss. Through its wrongful withdrawal of coverage nearly two years after receipt of notice, Federal plainly did not notify MRMC in writing of the rejection of its claim within the time permitted under the statute.

35. As a result of Federal's violation of the Texas Insurance Code, pursuant to Tex. Ins. Code § 542.060, MRMC is entitled to interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.

## CONDITIONS PRECEDENT

36. All conditions precedent have been performed or occurred, or they have been waived.

## JURY DEMAND

37. Pursuant to Fed. R. Civ. P. 38, MRMC hereby demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff Martin Resource Management Corporation prays that Federal be cited to appear and make answer herein, and that after a trial on the merits, the Court enter judgment awarding the following:

(1) All actual damages, both direct and consequential, that may be proved at trial;

(2) Statutory damages not to exceed three times the amount of actual damages for violation of the Texas Insurance Code;

(3) Exemplary damages;

(4) Interest on the amount of its claim at a rate of 18% per year as damages;

(5) Reasonable and necessary attorneys' fees incurred in the prosecution of this lawsuit, as well as such fees incurred in any subsequent appeal;

(6) Pre-judgment and post-judgment interest as allowed by law at the maximum legal rate;

(7) Costs of Court; and

(8) All other relief, general or special, at law or in equity, to which MRMC may be justly entitled.

          Respectfully submitted,

          BECK REDDEN LLP

          /s/  *David W. Jones*
          David W. Jones
          State Bar No. 00790980
          djones@beckredden.com
          1221 McKinney St., Suite 4500
          Houston, Texas  77010
          Telephone:  (713) 951-3700
          Telecopier:  (713) 951-3720

          ATTORNEYS FOR PLAINTIFF