UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00083

**Martin Resource Management Corporation,**
*Plaintiff,*

v.

**Federal Insurance Corporation,**
*Defendant.*

### ORDER

Before the court is defendant's motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 11. This case arises from an insurance-coverage dispute between Martin Resource Management Corporation (Martin) and Federal Insurance Corporation. In April 2017, Wilmington Trust, N.A. sent a demand letter to Martin for defense and indemnification in a class-action lawsuit filed against Wilmington. Shortly thereafter, Wilmington sent a second demand letter to Martin following a second lawsuit. Both lawsuits arose from Wilmington's role as trustee for Martin's Employee Stock Option Plan. Martin provided Wilmington with defense and indemnification, and it then sought coverage for this indemnification under a separate policy with Federal. Federal's insurance coverage was provided to Martin in a policy entitled Executive Protection Portfolio Policy No. 8197-5479.

This case concerns whether the policy's insuring clause requires Federal to pay Martin for its indemnification of Wilmington. Federal declined coverage and argues that Wilmington's demands do not constitute a fiduciary claim for a wrongful act as defined in the policy. Martin contends, however, that Wilmington's indemnity demands are covered by this clause.

The court may dismiss an action that fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *see Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the non-movant. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive a motion to dismiss, a non-movant must plead enough facts to state a claim to relief that is both legally cognizable and plausible on its face, but the court will not evaluate the plaintiff's likelihood of success. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Ordinarily, the court is limited in its analysis to the contents of the complaint and its attachments. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (explaining that, in a 12(b)(6) analysis, the court would not normally be permitted to review a contract unless included with the complaint). But when a defendant attaches a contract to its motion to dismiss, the contract is referenced in the complaint, and the contract is central to plaintiff's claims, the court should consider it when addressing a motion to dismiss. *Id.*; *see also Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). Here, defendant attached the Executive Portfolio Protection Policy to its motion to dismiss (Doc. 11, Ex. C), this policy is referenced in the complaint, and it is central to plaintiff's claims. Therefore, the court will consider the policy in analyzing defendant's motion.

Martin has asserted claims captioned (1) breach of contract, (2) declaratory judgment, (3) violations of the Texas Insurance Code – Unfair Settlement Practices, (4) breach of the duty of good faith and fair dealing, and (5) violations of the

Texas Insurance Code – Processing and Settlement of Claims. Federal has moved to dismiss all five claims.

Texas law governs Martin's contract claims. *See Klocke v. Watson*, 936 F.3d 240, 244 (5th Cir. 2019) (holding that federal courts must apply state substantive law in diversity actions). Under Texas law, insurance policies are interpreted "under the well-established rules of contract construction." *Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 892 (Tex. 2017). From the outset, the insured "has the burden of establishing coverage under the terms of the policy." *Gilbert Texas Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010). If the insured meets this burden, then "the insurer must prove the loss is within an exclusion." *Id*. Then, if the insurer meets this burden, "the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage." *Id*. Moreover, if a coverage dispute is resolved in the insurer's favor, then "extra-contractual claims do not survive." *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010).

Both parties agree that this dispute is governed by the policy's insuring clause. This states that Federal "shall pay on behalf of the Insureds, Loss on account of any Fiduciary Claim first made against the Insureds . . . during the Policy Period . . . for a Wrongful Act committed, attempted or allegedly committed or attempted before or during the Policy Period by such Insureds." Martin argues that Wilmington's demands constituted a "fiduciary claim" made against Martin for a "wrongful act" "committed, attempted, or allegedly committed or attempted" by Martin. Doc. 12. In addition, neither party disputes that the policy's references to "Insured" are to Martin, nor do they dispute that this issue arose during the policy period.

As relevant here, the policy defines a "fiduciary claim" as a "written demand for . . . monetary or non-monetary (including injunctive) relief . . . against an Insured for a Wrongful Act,

commenced by the first receipt of such demand by an Insured." In turn, the policy defines a "wrongful act" to include:

> (a) breach of the responsibilities, obligations or duties imposed by ERISA upon fiduciaries of the Sponsored Plan committed, attempted or allegedly committed or attempted by an Insured while acting in the Insured's capacity as a fiduciary;
> (b) negligent act, error or omission in the Administration of any Plan committed, attempted or allegedly committed or attempted by an Insured;
> (c) matter, other than as set forth in (a) or (b) above, claimed against an Insured solely by reason of the Insured's service as a fiduciary of any Sponsored Plan; or
> (d) act, error or omission committed, attempted or allegedly committed or attempted by an Insured, solely in such Insured's settlor capacity with respect to establishing, amending, terminating or funding a Sponsored Plan.

Doc. 11, Ex. C. Specifically, Martin contends that Wilmington's demand letters are fiduciary claims for wrongful acts by Martin, and Federal contends that the demand letters arise solely under an indemnity agreement between Martin and Wilmington.

Having reviewed the parties' arguments, and viewing all facts in a light most favorable to Martin, the court finds that Federal is entitled to the relief it seeks. Martin does not claim that Wilmington submitted a written demand for monetary relief for a wrongful act. Instead, as Martin acknowledges, Wilmington demanded coverage under its own agreement with Martin. Whether plaintiffs in the Wilmington cases allege that Martin committed wrongful acts is irrelevant. Martin has not claimed that it was only obligated to defend and indemnify Wilmington if plaintiffs allege that Martin acted wrongfully. And if Martin is obligated to defend and indemnify Wilmington regardless of whether plaintiffs accused

Martin of wrongful actions in their underlying claims, then Martin has not established coverage under its agreement with Federal.

Wilmington's demands may constitute "fiduciary claims" but those claims are not for "wrongful acts." Similarly, plaintiffs in the Wilmington cases may allege that Martin committed "wrongful acts," but those allegations are not "fiduciary claims" against Martin. Therefore, the court concludes that Martin has not met its "burden of establishing coverage under the terms of the policy." *Gilbert Texas Const., L.P.*, 327 S.W.3d at 124 (Tex. 2010).

For those reasons, Federal's motion to dismiss (Doc. 11) is **granted**. Martin's contract claims are **dismissed with prejudice**. Martin's extra-contractual claims are **dismissed with prejudice** pursuant to *State Farm Lloyds v. Page*, 315 S.W.3d 525 (Tex. 2010). The clerk of court is directed to close this case.

*So ordered by the court on August 6, 2020.*

J. CAMPBELL BARKER
United States District Judge